(Reap. Dec. 8270)

UNITED STATES *v.* C. A. HAYNES AND COMPANY A/C CHARVOZ-ROOS CORP.

Entry Nos. 711149; 710427.

(Decided December 18, 1953)

*Warren E. Burger*, Assistant Attorney General (*Daniel I. Auster* and *John J. Antus*, special attorneys), for the plaintiff.

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the defendant.

LAWRENCE, Judge: The two collector's appeals for a reappraisement above enumerated were consolidated for hearing and determination.

The merchandise in controversy consists of drawing instruments shipped by Charvoz-France of Paris, France, to C. A. Haynes and Company for the account of the Charvoz-Roos Corp. of New York City.

The entered and appraised values and the values claimed by the plaintiff are set forth below in tabular form for ready reference:

Reappraisement 186947–A

| Item | Entered & appraised in Fr. francs, per 100 | Plaintiff's claimed value in Fr. francs, each |
|---|---|---|
| No. 415—600 Pen Parts | 1,190. | 35 plus 20% |
| 414—300 Pencil Parts | 1,390. | 40 plus 20% |
| 402G—300 Compass & Divider Parts | 11,760. | 302 plus 20% |
| 409—300 Bow Pencils | 5,110. | 94 plus 20% |

Reappraisement 186948–A

| Item | Entered & appraised in Fr. francs, each | Plaintiff's claimed value in Fr. francs, each |
|---|---|---|
| No. 820—1,000 Ruling Pens | 108.80 | 240 |

All of the above items are subject to an addition of 1.01 percent tax, and packing, as invoiced.

The basis of appraisement as stated in the brief of the United States was the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)).

It is the plaintiff's claim that there was no export value for the merchandise in issue but that there was a foreign value which was higher than the entered value, the amounts of said claimed value being as itemized, *supra*.

In support of its contention, plaintiff offered in evidence the testimony of one witness and the following exhibits:

Exhibit 1—Request addressed to the Appraiser of Merchandise at New York for information as to value of the merchandise covered by reappraisement 186947-A.

Exhibit 2—A similar request for information in connection with the merchandise covered by reappraisement 186948-A.

Collective exhibit 3—Photostatic copies of letters, one, dated July 2, 1948, addressed by Charvoz-France to the Charvoz-Roos Corp. of New York City, and the other being a letter in reply, dated July 14, 1948.

Collective exhibit 4—Foreign Service report, dated March 22, 1950, to the Department of State from the American Embassy, Paris, France, on the subject of value of drawing instruments manufactured and shipped by Societe Charvoz of Paris, France, together with the various attachments referred to therein.

Plaintiff's witness, Jacob W. Molay, examiner at the port of New York, testified that he had examined the merchandise in issue; that prior to entry requests for information as to value (exhibits 1 and 2) had been submitted by the importer or its representatives; and that Molay had returned copies of the requests, together with his notations. Reference to exhibits 1 and 2 shows that on the exhibits referred to there appears the following rubber-stamped notation over the signature of Examiner Molay: "Ascertain from shipper the correct foreign or export value."

The witness further testified that the merchandise was appraised as entered on November 4, 1949, and that, although the importer had been requested to furnish whatever information it had in its possession, no information was supplied except that appearing on the invoices and that contained in exhibits 1 and 2. On December 10, 1949, Mr. Gottheimer, treasurer of the importing corporation, brought to Examiner Molay's office the two letters in evidence as collective exhibit 3.

Molay also stated that the Foreign Service report, with attachments, in evidence as collective exhibit 4, was the result of an investigation made subsequent to the date of the importations in issue but covers the period of time the merchandise in issue was being exported, pointing out that the date of exportation of merchandise covered by reappraisement 186947–A was July 27, 1949, and the date of exportation of the articles covered by reappraisement 186948–A was July 13, 1949, whereas the pricelists accompanying collective exhibit 4 cover the period from May 1948 to February 1950.

It was stated as the opinion of this witness that collective exhibits 3 and 4 substantiated the foreign value claimed by the Government on the basis of foreign value, and that there is no export value because the defendant-importer was the sole and exclusive purchaser in the United States.

On cross-examination, the witness testified that he accepted the listing of prices in the letter of July 2, 1948, from Charvoz-France to the importing corporation (part of collective exhibit 3) as the home market value in wholesale quantities as representing the freely offered price in France on or about the time the goods in issue were exported. As evidence of sales in wholesale quantities, he relied on certain invoices accompanying collective exhibit 4 but admitted he did not know whether the invoices represented all the sales made for home consumption during the period covered by the report.

At the conclusion of the testimony, counsel for defendant moved to dismiss the Government's case for lack of proof, which motion was taken under advisement by the court.

By virtue of section 16 (b) of the Customs Administrative Act of 1938, which amends section 501 of the Tariff Act of 1930 (19 U. S. C. § 1501), to the effect that in every appeal for a reappraisement the court, after affording the parties an opportunity to be heard on the merits, shall "determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing," the motion of defendant's counsel must be denied.

It is provided by statute (28 U. S. C. § 2633) that "The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise." This burden of proof does not vary whether the appealing party is an importer or a collector of customs. *United States* v. *Biddle Purchasing Co. et al.,* 21 Cust. Ct. 297, Reap. Dec. 7616.

Moreover, for a showing of foreign value, as defined in section 402 (c) of the tariff act, as amended, *supra,* there must be convincing evidence of the following elements:

1. Proof of the market value or the price at the time of exportation of such merchandise to the United States,

2. At which such or similar merchandise is freely offered for sale for home consumption,

3. To all purchasers in the principal markets of the country from which exported,

4. In the usual wholesale quantities, and

5. In the ordinary course of trade.

Failure to establish any one of the requirements above set forth is fatal to the appealing party's case. *Brooks Paper Company* v. *United States,* 40 C. C. P. A. (Customs) 38, C. A. D. 495. For instance, from the evidence presented to the court in this case, it is apparent that there has been a failure to prove the usual wholesale quantity at which such or similar merchandise is freely offered for sale for home comsumption.

Neither collective exhibit 3 nor collective exhibit 4, relied upon by plaintiff herein as substantiating its claimed values, contained sufficient information of sales at or about the dates of exportation of the involved merchandise from which the court may find the usual wholesale quantities for such or similar merchandise. It was admitted by plaintiff's witness that he did not know whether the invoices accompanying collective exhibit 4 represented *all* the sales made for home consumption during the period covered by the report. Moreover, although the invoices which are attached to said collective exhibit 4 range over a 6 months' period, they do not reflect a single sale of two of the items of merchandise involved herein; namely, item 414 (pencil parts) and item 415 (pen parts).

It is the opinion of the court that the plaintiff herein has failed to sustain the burden of proof and that the evidence is insufficient to support its claimed values.

The presumption of correctness attaching to the action of the appraiser not having been overcome, the court finds and holds that the values found by the appraiser are the proper values of the merchandise in issue.

Judgment will issue accordingly.